FILED

2023 MAY 12  AM 9: 40

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____CR_____
          DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| OMNITRACS, LLC AND XRS CORPORATION, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:23-mc-532 |
| PLATFORM SCIENCE, INC., | § § | (United Stated District Court for the Southern District of California, No. 3:20-CV-958) |
| Defendant. | § § § § | |

**PLATFORM SCIENCE'S MOTION TO COMPEL SUBPOENA COMPLIANCE BY
VISTA EQUITY PARTNERS**

Pursuant to Federal Rules of Civil Procedure 37(a) and 45, Defendant Platform Science, Inc. ("Platform Science") hereby moves for an order compelling third-party Vista Equity Partners ("Vista") to produce documents responsive to Platform Science's Subpoena to Produce Documents (the "Subpoena" (Exh. 7)), based on an action pending in the U.S. District Court for the Southern District of California, *Omnitracs LLC and XRS Corporation v. Platform Science, Inc.*, Case No. 3:20-CV-958.   In that action, filed in May 2020, Omnitracs, LLC and XRS Corporation ("Plaintiffs") allege that Platform Science infringes five U.S. patents.

I.   **Introduction**

In November 2022, Platform Science served the Subpoena seeking evidence to support its defenses to Plaintiffs' damages allegations and their willful infringement claim.  Vista is uniquely situated to have evidence concerning damages and willfulness.  It is a multibillion dollar private equity firm that owns both of the Plaintiffs and acquired Omnitracs when it was spun out from Qualcomm Corporation in 2013.  Since then, Vista has been deeply involved in the management of Plaintiffs' business, and it therefore possesses information relevant to issues in the litigation.

Platform Science served the Subpoena on Vista nearly six months ago, and Vista represented it would comply in good faith. After serving boilerplate objections, Vista attempted to narrow the requests and run out the discovery clock. In fact, Vista only recently produced about 2,500 documents for the narrow portion of the requests it agreed to comply with. Platform Science brings this motion given that (1) fact discovery in the action closes on June 23, 2023, and (2) it needs to depose Vista after reviewing its complete production. Accordingly, Platform Science seeks an order compelling Vista to produce the documents requested.[1]

## II.    **Factual Background**

### A.    *Plaintiffs' Lawsuit and Relationship to Vista*

In May 2020, Plaintiffs filed a patent infringement action against Platform Science. Exh. 1 (ECF 1), ¶¶ 1-7.[2] Plaintiffs characterized themselves as "leading providers of fleet management solutions to transportation and logistics companies." *Id.* The asserted patents relate to aspects of fleet management and messaging systems. *Id.* Plaintiff Omnitracs was a division of Qualcomm until late 2013, when Qualcomm sold the Omnitracs division to Vista. Exh. 2 (ECF 22-4) at 2–5. Qualcomm originally applied for and received one of the asserted patents. The other four asserted patents are owned by Plaintiff, XRS Corp, which Vista acquired in September 2014. *See* Exh. 4 (MN SOS XRS Merger). Plaintiffs seek lost profits and reasonable royalty damages.

Plaintiffs also allege in their complaint that Platform Science willfully infringes Plaintiffs' patents. More specifically, Plaintiffs allege that Platform Science hired former employees of

---

[1] On April 26, Vista represented it would be producing documents on May 5. Given Vista's prior representations, delay tactics, and the legitimate concern that Vista's production would be deficient, on May 3, Platform Science notified Vista of its intent to move forward with this Motion. Vista's production and Platform Science's related correspondence with Vista confirmed that Vista still refuses to produce several categories of responsive documents that are the subject of this Motion. Exh. 3 (2023-05-09 Email to Vista).

[2] All ECF cites refer to the docket numbers in the underlying case, No. 3:20-CV-958 (S.D. Cal.). Those filings and all other exhibits are attached to the accompanying Declaration of Tim Rawson.

Plaintiff Omnitracs and thereby copied its products. Exh. 1, ¶¶ 1-7. Though false, Plaintiffs'
allegations made relevant the former employees' Omnitracs-related work history.

Notably, Vista is a private equity firm whose business is focused on buying and selling
companies. When Vista acquired Omnitracs from Qualcomm, it immediately became involved in
management and started making drastic changes to reduce costs and increase profits. *See* Exh. 5
(2023-04-06 Graham (former CEO) Dep. Tr.) at 16:11–17:22. In 2014, shortly after Vista acquired
Omnitracs, Vista purchased Plaintiff XRS. Vista's goal was to position Plaintiffs Omnitracs and
XRS such that Vista could sell the two companies. Since the beginning, Vista's involvement in
Plaintiffs' operations and management has been extensive, and executives from both sides
regularly correspond and meet on a wide variety of topics relating to Plaintiffs' business, as
evidenced by testimony and documents from Plaintiffs' top executives. *E.g.*, *id.* at 25:17–28:7. It
also appears that Vista targeted Platform Science after attempting to acquire it. *See* Exh. 6 (ECF
124), ¶¶ 3–11.

### B.     *The Subpoena to Vista*

Because of Vista's ownership of Plaintiffs and its close involvement in their management,
Vista has documents that are relevant to this case and exclusively in its possession. Thus, Platform
Science served a Subpoena on Vista in November 2022. Exh. 7 (2022-11-18 Subpoena for
Documents).[3] Vista and Plaintiffs' law firm have had prior dealings (*e.g.*, Exh. 8 (ECF 218-16)),

---

[3] All of the information requested by Platform Science's Subpoena is uniquely in Vista's
possession and is information for which Platform Science has exhausted its party discovery efforts.
In the action, Platform Science served document requests on Plaintiffs that sought information
potentially implicating Vista through at least the following requests: 11, 26, 52, 120, 123, 125,
129, 130, 131, 132, 133, 137. *See* Exhs. 12, 13 and 14. (RFP to Plaintiffs, Sets 1-3). Platform
Science also sought ESI discovery from Plaintiffs seeking information on Vista and related
employee layoffs and, and customer losses. The Parties have met and conferred, corresponded,
and raised these issues with the court extensively. For example, Platform Science sought "deal
room" documents related to the XRS and other acquisitions, and Plaintiffs represented they did

so Platform Science asked Plaintiffs' counsel if they would accept service for Vista on November 18, 2022. Exh. 9 (2022-11-18 Email fr Rawson re Notice). Plaintiffs' counsel did not respond, and after several days, Platform Science personally served Vista on November 28. Exh. 7 (POS) at 3-4. Vista served objections on December 14.[4] On December 20, Vista's counsel represented that Vista intended to comply with the subpoena in good faith and that Platform Science would not be disappointed with Vista's document production. *See e.g.*, Exh. 10 (2022-12-20 Emails between Rawson and Grotzinger). Since that time, Platform Science and Vista have met and conferred and corresponded extensively. *See* Exh. 11 (2023-03-16 Emails between Khan and Rawson). On March 17, 2023, nearly fourth months after service, Vista produced just *ten* documents. On May 5, after Platform Science told Vista of its intent to file this Motion, Vista produced additional documents, and Platform Science and Vista have corresponded further about remaining disputes since that production. *See* Exh. 3 (2023-05-09 Email to Vista).

### III.     Legal Standard

Under Rule 45, a non-party served with a subpoena, like a party to the litigation, must produce relevant documents within its "possession, custody, or control." FED. R. CIV. P. 26(a)(1)(A)(ii) and 34(a)(1); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1023 (Fed. Cir. 1986) ("[R]ule 45(b)(1) must be read in light of Rule 26(b)"). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of

---

not have anything or had produced all they could locate. Exh. 15 (ECF 236) at 46. Should Vista contend that Platform Science has not exhausted party discovery efforts, Platform Science can prove that is not the case.

[4] Per FED. R. CIV. P. 45(d)(2)(B), Vista's objections to the subpoena were due fourteen days after service, on December 12, but they were not served until December 14, 2022. *See* Exh. 16 (2022-12-14 Vista's Objs) at 22–23; Exh. 17 (2022-12-09 Emails re Vista subpoena). Thus they are untimely and waived.

discovery need not be admissible in evidence to be discoverable." *Heat & Control,* 785 F.2d at 1023.   Where the responding party provides only boilerplate objections to a subpoena, the "objections are inadequate and tantamount to not making any objection at all." *Bofi Fed. Bank v. Erhart*, No. 15-CV-2353, 2016 WL 1644726, at *4 (S.D. Cal. Apr. 26, 2016); *see also Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015) (same).   Rather, "the responding party must explain and support its objections." *Am. Fed'n of Musicians*, 313 F.R.D. at 46; *see also Blair v. Pride Indus., Inc.*, No. 14-CV-00183, 2015 WL 10818665, at *1 (W.D. Tex. July 17, 2015) (observing same with respect to Rule 34).

## IV.   <u>Argument</u>

As a threshold matter, Vista served untimely boilerplate objections that do not preserve any objections to Platform Science's Subpoena.   Indeed, Vista responded to each of Platform Science's requests with a laundry list of nearly identical objections.   *See* Exh. 16 at 4–23.   Such boilerplate objections are akin to no objections at all.   *See Bofi Fed. Bank v. Erhart*, 2016 WL 1644726 at *4; *Blair*, 2015 WL 10818665 at *1.   Thus, all the objections that Vista has raised, including its boilerplate objections on December 14, 2022, are waived.   Its attempts to narrow Platform Science's discovery requests after the fact should be rejected.[5]

### A.    *Specific Requests at Issue*[6]

**Platform Science's Request No. 1:** "Communications, presentations, analyses, and agreements between Plaintiffs and Vista Equity Partners relating to This Case."
**Platform Science's Request No. 9:** "Documents and things relating to Platform Science and/or this litigation."

Vista agreed to search for documents about Platform Science and this lawsuit but will not produce certain communications between Vista and Plaintiffs, including communications related

---

[5] Notably, Platform Science continued to negotiate the Subpoena in good faith with Vista, hoping to avoid Court intervention.
[6] Due to space constraints, certain requests are grouped together.

to the Subpoena, based on privilege. Since being served the Subpoena, Vista has tried to shield itself from discovery by feigning disinterest in the dispute and holding itself out as a third party. Yet it cannot do so while claiming that its communications with Plaintiffs are subject to attorney client privilege and/or work product protection. On May 5, Vista produced a log of communications about this Subpoena, this lawsuit, and other topics that indicates it is claiming privilege over communications with Plaintiffs' counsel, both past and present, and has been collaborating with them since before the suit was filed and in response to the Subpoena.[7] These communications are responsive and ordinarily, would be discoverable, including communications between counsel. *See United States v. Lustig*, 555 F.2d 737, 748 (9th Cir. 1977) (communications with third parties are not privileged). In fact, the parties to the action have agreed that correspondence between a party and a subpoenaed third party is discoverable and have been producing such correspondence.[8] *See e.g.,* Exhs. 18 (2022-08-24 Email fr Tarasi); 19 (2023-04-21 Email fr Sinzig). These communications are highly relevant because they show the relationship between Vista and Plaintiffs, the extent of Vista's involvement with the lawsuit, and whether Plaintiffs and Vista have been coordinating against Platform Science. For example, Vista and Omnitracs have previously used the same playbook they appear to be using now, first suing a company that they later acquired, Blue Dot Solutions, Inc., and making similar copying allegations. *See* Exh. 20 (Blue Dot Complaint). Establishing that Vista and Plaintiffs are attempting the same thing here would show that Plaintiffs' copying allegations have no merit.

Vista's attempts to have their cake and eat it too are improper, and Vista's privilege claims contradict its attempts to shield itself from the Subpoena as a purportedly disinterested third-party.

---

[7] Vista designated the log as "confidential," so it is not included with this Motion.
[8] On May 9, Platform Science asked Plaintiffs if they agreed with the privilege assertions and if so, their bases asserting privilege. Exh. 21 (2023-05-09 Email to Plaintiffs).

Indeed, Vista has insisted on Plaintiffs' counsel participating in every meet and confer and being copied on all correspondence. *E.g.* Exh. 10 (2022-12-20 Email fr Grotzinger). Therefore, if Vista is not compelled to produce its communications related to the subpoena between Vista and Plaintiffs, it cannot also claim that the Subpoena requests are overly burdensome on it as a purported "third party" and should be compelled to produce all relevant documents it possesses.

**Platform Science's Request No. 2:** "Documents and things relating to any evaluation, sale, and/or acquisition of or by Omnitracs, LLC and/or XRS Corporation, including presentations made by Plaintiffs, Vista Equity Partners or their advisors to any third party regarding a potential sale or acquisition."

**Platform Science's Request No. 3:** "Documents and things relating to each attempt to sell or divest or merge one or both of Plaintiffs, including but not limited to the canceled transactions in December 2015 and June 2017 and/or transactions with Continental Tire, Goldman Sachs, Barings, Apollo, and Solera, and also including but not limited to data rooms, financial documents, and any valuation of Omnitracs, LLC and/or XRS Corporation, related to such transactions."

**Platform Science's Request No. 4:** "Documents and things related to acquiring businesses in the fleet telematics and electronic logging device space (e.g., businesses regulated by 49 CFR Part 395), including but not limited to XRS, Roadnet Technologies, Blue Dot Solutions, and SmartDrive."

**Platform Science's Request No. 7** "Documents and things related to the impact of the sale or acquisition of Plaintiffs on customer retention and product sales."

**Platform Science's Request No. 8** "Documents and things related to the acquisition of Omnitracs, LLC by Solera Holdings, Inc., including Your discussions with Solera Holdings, Inc. regarding the reasons for the acquisition and the impact on Plaintiffs' business continuity and management, employee layoffs, competitors, manufacturing capacity, and issues with launching Plaintiffs products such as Omnitracs One."

These requests all relate to various acquisitions or attempted acquisitions by Vista and Plaintiffs and their impact on Plaintiffs' operations. Vista agreed to search for documents that include valuations, presentations, and analyses concerning Plaintiffs and their "relevant products" but will not search for communications about Omnitracs and/or XRS, documents related to any canceled transactions, or documents related to the acquisitions of Blue Dot Solutions and SmartDrive.[9] Vista also refused to clarify which of Plaintiffs' products it intends to include in its

---

[9] In the interest of narrowing disputes for the Court, Platform Science is not pursuing documents related to the acquisition of Roadnet (Request No. 4), which Vista also refused to produce.

search as "relevant products."

Because Plaintiffs seek lost profits for alleged patent infringement, they must establish "that *but for* the infringement, [they] would have made additional profits." *Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (emphasis added). Plaintiffs must prove (1) demand for the patented product, (2) an absence of non-infringing alternatives, (3) manufacturing and marketing capacity to exploit demand, and (4) the amount of lost profits. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978).

Vista's reasons for acquiring Omnitracs, XRS, and other companies and for attempting to sell Plaintiffs, and why certain transactions were not completed, could reflect problems with Plaintiffs' operations and products that are relevant to the "but for" analysis.[10] Public information indicates that Vista has attempted to sell Plaintiffs for several years. *E.g.*, Exh. 20 (ECF 55-10) at 2–4 (referencing deals with Continental Tire, Goldman Sachs, Barings and Apollo Investments and stating "Omnitracs' failure to adapt may have been caused by the business imperatives it faced after it was bought by Vista"). Additionally, Solera Holdings, Inc.—another Vista company— acquired Omnitracs in May 2021, during this lawsuit. In a prior lawsuit, a Solera director alleged that Solera acquired Omnitracs as an attempt to "bail [Vista] out of an unsuccessful and poorly run acquisition, and bury it inside Solera's portfolio where Vista could hide its Omnitracs-investment-mistake from its own investors." Exh. 22 (Lauk FAC). If these allegations are supported by Vista's documents, that would enable Platform Science to strongly rebut Plaintiffs' lost profits claims. Additionally, Vista admits that the XRS acquisition is relevant but claims the acquisitions

---

[10] For example, Vista's documents may show that it directed Omnitracs to acquire XRS because Omnitracs was unable to develop products that could compete in an emerging marketplace (or Vista did not want to invest the money to do so). This would support the conclusion that Omnitracs did not lose profits "but for" Platform Science's alleged infringement, but rather because Omnitracs' own outdated systems could not compete.

of Blue Dot Solutions, and SmartDrive are not. These acquisitions are equally relevant because, like XRS, each of these companies has been acquired by Plaintiffs and their products have been incorporated into products that Plaintiffs contend practice the asserted patents. The SmartDrive acquisition is also relevant because Platform Science asserts that Smart Drive products are non-infringing alternatives before they were acquired and incorporated into Plaintiffs' products, and the reasons for Plaintiffs' acquisition goes directly to the acceptability of Smart Drive's non-infringing products. And the Blue Dot acquisition is additionally relevant because it was similarly situated as Platform Science—Plaintiffs approached Blue Dot about partnering with it, sued it, alleging Blue Dot had used Omnitracs' information, and later acquired it. *See* Exh. 20 (Blue Dot Complaint). Omnitracs tried to partner with Platform Science to compete with Blue Dot solution too. *See* Exh. 6, ¶¶ 3–11.

As a private equity company, Vista regularly analyzes company products, financials, operations, and market conditions, and its evaluations of businesses in arms-length transactions are useful data points in assessing the *Panduit* factors above and the impact of the acquisitions involving Plaintiffs.[11] As such, Vista should be compelled to produce communications about the acquisitions of Omnitracs and/or XRS, and documents relating to the attempted/completed transactions with Continental Tire, Goldman Sachs, Barings, Apollo, and Solera. Blue Dot, and SmartDrive, such as the competitive value of the acquisitions or why a transaction failed.

Additionally, all the products/services for which Plaintiffs claim lost profits are relevant and should be included in Vista's production.[12] As an owner and investor in Plaintiffs, Vista has

---

[11] For example, Platform Science needs to assess if the profit margins that Plaintiffs have asserted in interrogatory responses are consistent with those calculated by Vista.

[12] Plaintiffs identified the products and services for which they are seeking lost profits: Omnitracs One, including Drive; Omnitracs One applications, including Omnitracs Active Alert, Tax

knowledge of the alleged impact and cause of those lost profits on Plaintiffs, including problems beyond the alleged infringement by Platform Science.  It should therefore produce documents about all products/services for which Plaintiffs contend they are entitled to lost profits.

**Platform Science's Request No. 10**: "Documents and things related to Vista Equity Partner's relationship with Omnitracs LLC, including relating to Vista's efforts or strategy concerning: Plaintiffs' business operations, debt load and service, cost cutting efforts, layoffs, customer losses, customer complaints, identification of competitors in the market, engineering and manufacturing capacity, demand for Plaintiffs' products or systems, and issues with launching or selling new products and systems such as Omnitracs One."

As stated above, Vista agreed to search for documents that include valuations, presentations, and analyses concerning Omnitracs and "its relevant products" but will not search for other responsive documents, such as documents concerning Plaintiffs' business operations and Platform Science personnel now accused of copying.  Platform Science has agreed to limit its request regarding Vista's efforts or strategy concerning Plaintiffs' business operations, particularly documents related to Jack Kennedy and Michael Bray, who both worked with Qualcomm and/or Omnitracs, are identified in Plaintiffs' complaint, and are directly relevant to Plaintiffs' willfulness and copying allegations.  *See* Exh. 1, ¶¶ 3–4, 18–20.  Vista has only produced a few documents that reference either person and should be compelled to search for and produce its documents referencing Mr. Kennedy and Mr. Bray.

V.    **Conclusion**

For the reasons discussed above, Platform Science respectfully requests that the Court grant its Motion and compel Vista to comply with the Subpoena, producing documents and information responsive to the full scope of Request Nos. 1–4 & 6–10, except as otherwise narrowed above.

---

Manager, Virtual Load View, Critical Event Videos, and Trailer Tracking; Intelligent Vehicle Gateway ("IVG"); Active Mobile Gateway ("AMG-C"); Mobile Computing Platform ("MCP"); XRS products, including Relay, Mobile, Cloud, and XRS applications; and Professional services (training, installation, and maintenance).  Platform Science agrees to limit "Professional Services" to those services related to the aforementioned products.

Dated: May 12, 2023                Respectfully Submitted,

                                   FISH & RICHARDSON P.C.

                                   By: */s/ David M. Hoffman*
                                       David M. Hoffman
                                       Texas Bar No. 24046084
                                       hoffman@fr.com
                                       111 Congress Avenue, Suite 810
                                       Austin, TX 78701
                                       Tel: (512) 472-5070
                                       Fax: (512) 320-8935

                                       Tim Rawson (*pro hac vice pending*)
                                       rawson@fr.com
                                       12860 El Camino Real, Suite 400
                                       San Diego, CA 92130
                                       Tel: (858) 678-5070
                                       Fax: (858) 678-5099

                                   **COUNSEL FOR DEFENDANT,**
                                   **PLATFORM SCIENCE, INC.**

## CERTIFICATE OF CONFERENCE

I certify that from December 2022 through May 2023, counsel for Platform Science and counsel for Vista (as well as counsel for Plaintiffs) meet and conferred telephonically on multiple occasions and corresponded extensively in an attempt to resolve the disputed issues in good faith, but have been unable to reach a resolution regarding the relief sought in this Motion.

                                   */s/ David M. Hoffman*
                                   David M. Hoffman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 12, 2023, the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and was served via electronic mail pursuant to Local Rule CV-5.2(e) on counsel of record listed below:

Michael W. De Vries
michael.devries@kirkland.com
Justin Singh
justin.singh@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Tel: (213) 680-8400
Adam R. Alper
adam.alper@kirkland.com
Akshay S. Deoras
akshay.deoras@kirkland.com
Natalie Sinzig
natalie.sinzig@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
Gianni Cutri
gianni.cutri@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000

*Counsel for Plaintiffs*

Jordan D. Grotzinger
grotzingerj@gtlaw.com
Adil M. Khan
khanad@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: (310) 586-7700
Fax: (310) 586-7800

*Counsel for for Non-Party,*
*Vista Equity Partners LLC*

/s/ David M. Hoffman
David M. Hoffman

FILED

2023 MAY 12 AM 9: 40

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ CP
_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| OMNITRACS, LLC AND XRS CORPORATION, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:23-mc-532 |
| PLATFORM SCIENCE, INC., | § § | (United Stated District Court for the Southern District of California, No. 3:20-CV-958) |
| Defendant. | § § § § | |

### DECLARATION OF TIM RAWSON IN SUPPORT OF PLATFORM SCIENCE'S
### MOTION TO COMPEL SUBPOENA COMPLIANCE
### BY VISTA EQUITY PARTNERS

I, Tim Rawson, hereby declare as follows:

1.      I am an attorney at Fish & Richardson P.C., counsel of record in this action for Defendant Platform Science, Inc.  I am a member of the Bar of the State of California and will be filing a *pro hac vice* application in this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      I submit this declaration, along with the exhibits attached hereto, in support of Platform Science, Inc.'s Motion to Compel Subpoena Compliance by Vista Equity Partners.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of ECF 1, Complaint for Patent Infringement in *Omnitracs, LLC and XRS Corporation v. Platform Science, Inc.*, USDC SDCA, Case No. 3:20-cv-00958 WQH-MDD dated May 26, 2020.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of ECF 22-4, Exhibit 2 to Defendant Platform Science, Inc.'s Motion to Dismiss for Failure to State a Claim dated July 16, 2020.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of an email from Tim Rawson to Adil Khan re Vista Equity Partners' subpoena and document production dated May 9, 2023.

6.      Attached here to as **Exhibit 4** is a true and correct copy of the Articles of Merger Merging Amundsen Merger Sub Corp into XRS Corporation dated October 31, 2014.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of excerpts to the Deposition Transcript of John K. Graham dated April 6, 2023.

8.      Attached hereto as **Exhibit 6** is a true and correct copy of ECF 124, Defendant Platform Science, Inc.'s Answer and Counterclaims to Plaintiffs' Complaint dated May 16, 2022

9.      Attached hereto as **Exhibit 7** is a true and correct copy of Defendant Platform Science, Inc.'s Notice of Production Subpoena to Vista Equity Partners LLC dated November 18, 2022.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of ECF 218-16, Exhibit P to the Joint Statement of Discovery Disputes dated December 5, 2022.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of an email from Tim Rawson re Platform Science, Inc.'s Notice of Subpoena to Vista Equity Partners LLC dated November 18, 2022.

12.     Attached hereto as **Exhibit 10** is a true and correct copy of an email from Jordan Grotzinger to Tim Rawson re Vista Equity Partners' responses and objections to Platform Science, Inc.'s Subpoena to Vista Equity Partners dated December 20, 2022.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of an email from Adil Khan to Tim Rawson re a meet and confer re Platform Science's subpoena to Vista Equity Partners dated March 16, 2023.

14.     Attached hereto as **Exhibit 12** is a true and correct copy of Defendant Platform Science, Inc.'s First Set of Requests for Production of Documents and Things (Nos. 1-56) to Plaintiffs Omnitracs, LLC and XRS Corporation dated December 22, 2020.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of Defendant Platform Science, Inc.'s Second Set of Requests for Production of Documents and Things (Nos. 57-81) to Plaintiffs Omnitracs, LLC and XRS Corporation dated May 31, 2022.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of Defendant Platform Science, Inc.'s Third Set of Requests for Production of Documents and Things (Nos. 82-116) to Plaintiffs Omnitracs, LLC and XRS Corporation dated June 22, 2022.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of ECF 236, Redacted Joint Statement of Discovery Disputes dated January 3, 2023.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of Non-Party Vista Equity Partners LLC's Response and Objections to Defendant Platform Science, Inc.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated December 14, 2022.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of an email from Tim Rawson to Justin Singh re Vista Equity Partner's request for a one-week extension to comply with the subpoena dated December 9, 2022.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of an email from Angela Tarasi re third-party productions under the Protective Order dated August 24, 2022.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of an email from Natalie Sinzig re production of third-party communications dated April 21, 2023.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of Plaintiff's Original Complaint in *Omnitracs, LLC v. Blue Dot Solutions, Inc.,* USDC-SDCA, Doc No. 1, Case No. 3:17-cv-1239 L (KSC) dated June 19, 2017.

23.     Attached hereto as **Exhibit 21** is a true and correct copy of an email from Tim Rawson to Counsel for Omnitracs re Vista Equity Partners privilege claims dated March 9, 2023.

24.     Attached hereto as **Exhibit 22** is a true and correct copy of the First Amended Complaint in *Kurt Lauk v. Vista Equity Partners, LLC, et al.,* USDC-CDCA, Western Div., Case No. 2:19-cv-07863 PA-JC dated October 2, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 12, 2023, at Dallas, Texas.

/s/ Tim Rawson
Tim Rawson