# EXHIBIT 7

Christopher S. Marchese (SBN 170239)
marchese@fr.com
Jason W. Wolff (SBN 215819)
wolff@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
Tim Rawson (SBN 304755)
rawson@fr.com
Cheryl Wang (SBN 323305)
cwang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Brent P. Ray *(Admitted Pro Hac Vice)*
bray@kslaw.com
KING & SPALDING LLP
110 N. Wacker Dr., Ste. 3800
Chicago, IL 60606
Tel: 312-764-6925

*[Additional Counsel Listed on Signature Page]*

Attorneys for Defendant Platform Science, Inc.

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNITRACS, LLC AND XRS CORPORATION,<br><br>                    Plaintiffs,<br><br>     v.<br><br>PLATFORM SCIENCE, INC.<br>                    Defendant. | Case No. 3:20-cv-0958-CAB-DDL<br><br>**DEFENDANT PLATFORM SCIENCE, INC.'S NOTICE OF SUBPOENA TO VISTA EQUITY PARTNERS LLC**<br><br>District Judge:<br>Hon. Cathy Ann Bencivengo<br><br>Magistrate Judge:<br>David D. Leshner |

1    PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure and the applicable Local Civil Rules of the United States District

3  Court for the Southern District of California, Defendant Platform Science, Inc., by

4  and through their counsel, will serve the enclosed subpoena to Vista Equity Partners

5  LLC for the production of documents, on or after **November 18, 2022**.

6    The subpoena instructs Vista Equity Partners LLC to produce documents on

7  or before **December 14, 2022** to the offices of Fish & Richardson P.C., 111

8  Congress Ave., Ste. 810, Austin, TX 78701, or on another location, date, and time as

9  agreed between the parties.

10    A copy of the Protective Order in this litigation is attached.

11  Dated:  November 18, 2022        FISH & RICHARDSON P.C.

12

13                              By: */s/ Tim Rawson*

14                                    Christopher S. Marchese (SBN 170239)
                                     marchese@fr.com
15                                    Jason W. Wolff (SBN 215819)
                                     wolff@fr.com
16                                    Seth M. Sproul (SBN 217711)
                                     sproul@fr.com
17                                    Tim Rawson (SBN 304755)
                                     rawson@fr.com
18                                    Cheryl Wang (SBN 323305)
                                     cwang@fr.com
19                                    FISH & RICHARDSON P.C.
                                     12860 El Camino Real, Suite 400
20                                    San Diego, CA 92130
                                     Tel: (858) 678-5070 / Fax: (858) 678-
21                                    5099

22

23                                    Brent P. Ray *(Admitted Pro Hac Vice)*
                                     bray@kslaw.com
24                                    KING & SPALDING LLP
                                     110 N. Wacker Dr., Ste. 3800
25                                    Chicago, IL 60606
                                     Tel: 312-764-6925
26

27                                    Angela Tarasi (Admitted Pro Hac Vice)
                                     atarasi@kslaw.com
28                                    KING & SPALDING LLP

                                         1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1401 Lawrence St., Ste. 1900
Denver, Co 80202
Tel: 720-535-2300 / Fax: 720-535-2400

Attorneys for Defendant PLATFORM
SCIENCE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on November 18, 2022 via electronic mail pursuant to Fed. R. Civ. P. 5(b) to all counsel of record in this action:

Michael W. De Vries (S.B.N. 211001)
michael.devries@kirkland.com
Justin Singh (S.B.N. 266279)
Justin.singh@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400

Adam R. Alper (S.B.N. 196834)
adam.alper@kirkland.com
Akshay S. Deoras (S.B.N. 301962)
akshay.deoras@kirkland.com
Natalie Sinzig (S.B.N. 300515)
natalie.sinzig@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Gianni Cutri (Admitted *Pro Hac Vice*)
gianni.cutri@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Leslie M. Schmidt (Admitted *Pro Hac Vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

*Counsel for Plaintiffs Omnitracs, LLC and
XRS Corporation*

1

Executed on November 18, 2022 at San Diego, California.

2

3                                          *s/ Tim Rawson*

4                                          Elizabeth M. Wilton

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| OMNITRACS, LLC AND XRS CORPORATION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  3:20-cv-0958-CAB-DDL |
| PLATFORM SCIENCE, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          VISTA EQUITY PARTNERS LLC, c/o THE CORPORATION TRUST COMPANY
             CORPORATION TRUST CENTER 1209 ORANGE ST, WILMINGTON DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:     See Exhibit A

| Place: Fish & RIchardson P.C.<br>          111 Congress Ave., Ste. 810, Austin, TX 78701 | Date and Time:<br><br>          12/14/2022 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    November 18, 2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
PLATFORM SCIENCE, INC. _____ , who issues or requests this subpoena, are:

Tim Rawson, Fish & RIchardson P.C., 12860 El Camino Real, Ste. 400, San Diego, CA 92130

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:20-cv-0958-CAB-DDL

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**SUBPOENA TO VISTA EQUITY PARTNERS LLC**

**DEFINITIONS**

1.    "Vista Equity Partners," "You," or "Your" means Vista Equity Partners LLC and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other Persons, acting or purporting to act under Vista Equity Partner's control or on Vista Equity Partner's behalf, and/or under the control of or on behalf of Vista Equity Partner's present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

2.    "Plaintiffs" mean Omnitracs, LLC and XRS Corporation, and all predecessors, successors, assigns, subsidiaries, parent entities, domestic and foreign affiliates and related companies, divisions, departments, organizational operating units (including but not limited to Omnitracs Holdings, LLC), and each entity owned or controlled by them, directly or indirectly, in whole or in part, and all present or former officers, directors, executives, employees, principals, partners, agents, legal representatives, consultants, and other Persons acting on their behalf.

3.    "Defendant" or "Platform Science" means Platform Science, Inc.

1                                Case No. 3:20-cv-0958-CAB-DDL

4.    "This Case" refers to the above-captioned proceeding at the United States District Court for the Southern District of California, *Omnitracs, LLC and XRS Corp. v. Platform Science, Inc.*, Case No. 3:20-cv-0958-CAB-DDL.

## REQUEST FOR DOCUMENTS

1.    Communications, presentations, analyses, and agreements between Plaintiffs and Vista Equity Partners relating to This Case.

2.    Documents and things relating to any evaluation, sale, and/or acquisition of or by Omnitracs, LLC and/or XRS Corporation, including presentations made by Plaintiffs, Vista Equity Partners or their advisors to any third party regarding a potential sale or acquisition.

3.    Documents and things relating to each attempt to sell or divest or merge one or both of Plaintiffs, including but not limited to the canceled transactions in December 2015 and June 2017 and/or transactions with Continental Tire, Goldman Sachs, Barings, Apollo, and Solera, and also including but not limited to data rooms, financial documents, and any valuation of Omnitracs, LLC and/or XRS Corporation, related to such transactions.

4.    Documents and things related to acquiring businesses in the fleet telematics and electronic logging device space (e.g., businesses regulated by 49 CFR Part 395), including but not limited to XRS, Roadnet Technologies, Blue Dot Solutions, and SmartDrive.

5.      Presentations, packages, proposals, financials, including financial projections, provided to anyone pertaining to an investment in, partnership with or acquisition of all or part of Plaintiffs' business.

6.      Documents and things relating to any comparisons of Platform Science products to products offered by Plaintiffs.

7.      Documents and things related to the impact of the sale or acquisition of Plaintiffs on customer retention and product sales.

8.      Documents and things related to the acquisition of Omnitracs, LLC by Solera Holdings, Inc., including Your discussions with Solera Holdings, Inc. regarding the reasons for the acquisition and the impact on Plaintiffs' business continuity and management, employee layoffs, competitors, manufacturing capacity, and issues with launching Plaintiffs products such as Omnitracs One.

9.      Documents and things relating to Platform Science and/or this litigation.

10.      Documents and things related to Vista Equity Partner's relationship with Omnitracs LLC, including relating to Vista's efforts or strategy concerning: Plaintiffs' business operations, debt load and service, cost cutting efforts, layoffs, customer losses, customer complaints, identification of competitors in the market, engineering and manufacturing capacity, demand for Plaintiffs' products or systems, and issues with launching or selling new products and systems such as Omnitracs One.

11.    Documents and things relating to Your document retention policies, including any destruction or loss of Documents or Things requested in this Subpoena.

12.    Documents and things, concerning any communications with or about Platform Science or its present or former officers and executives, board members, employees concerning any interest in acquiring or engaging in business discussions with Platform Science.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNITRACS, LLC AND XRS CORPORATION,<br><br>       Plaintiffs,<br><br>v.<br><br><br>PLATFORM SCIENCE, INC.,<br><br>       Defendant. | Case No.:  20-cv-00958-CAB-DDL<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

  The parties jointly move for entry of an agreed-upon amended protective order. Dkt. No. 173. Good cause appearing, the Court **GRANTS** the request and **ORDERS** as follows:

  The Court recognizes that at least some of the Materials (as defined below) being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the Parties.  The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

  The Materials to be exchanged throughout the course of the litigation between the Parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil

///

1

1    Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such
2    Materials as much as practical during the litigation.

3    **I.    DEFINITIONS**

4        1.    The term "Confidential Information" will mean and include information
5    contained or disclosed in any Materials, including documents, portions of documents,
6    answers to interrogatories, responses to requests for admissions, trial testimony, deposition
7    testimony, and transcripts of trial testimony and depositions, including data, summaries,
8    and compilations derived therefrom that is deemed to be Confidential Information by any
9    party to which it belongs.

10       2.    The term "Materials" means items or information that are produced,
11   disclosed, or generated in connection with discovery in this matter, including documents,
12   deposition testimony, or discovery responses, and includes, but is not be limited to:
13   documents; correspondence; memoranda; bulletins; blueprints; specifications; customer
14   lists or other material that identify customers or potential customers; price lists or schedules
15   or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled
16   checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations;
17   desk diaries; appointment books; expense accounts; recordings; photographs; motion
18   pictures; compilations from which information can be obtained and translated into
19   reasonably usable form through detection devices; sketches; drawings; notes (including
20   laboratory notebooks and records); reports; instructions; disclosures; other writings; source
21   code; and models, prototypes, and other physical objects.

22       3.    The term "Counsel" will mean outside counsel of record, and other attorneys,
23   paralegals, secretaries, and other support staff employed in the law firms of outside counsel
24   of record.

25   **II.    GENERAL RULES**

26       1.    Each party to this litigation that produces or discloses any Materials, answers
27   to interrogatories, responses to requests for admission, trial testimony, deposition
28   testimony, and transcripts of trial testimony and depositions, or information that the

1    producing party believes should be subject to this Protective Order may designate the same
2    as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or
3    "HIGHLY CONFIDENTIAL - SOURCE CODE."

4        2.    Designation as "CONFIDENTIAL": Any party may designate information as
5    "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the
6    unrestricted disclosure of such information could be potentially prejudicial to the business
7    or operations of such party.

8        3.    Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
9    ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL -
10   ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel,
11   the information is among that considered to be most sensitive by the party, including but
12   not limited to trade secret or other confidential research, development, financial or other
13   commercial information.

14       4.    Designation as "HIGHLY CONFIDENTIAL - SOURCE CODE": Any party
15   may designate information as "HIGHLY CONFIDENTIAL - SOURCE CODE" only if, in
16   the good faith belief of such party and its counsel, the information is confidential,
17   proprietary or trade secret source code, associated comments and revision histories, or
18   pseudo-code or other algorithms describing the software design, or technical design
19   documentation that comprises, includes, or substantially discloses source code or
20   algorithms ("Source Code"). For information designated "HIGHLY CONFIDENTIAL -
21   SOURCE CODE," the following additional restrictions apply:

22       a.    Unless otherwise agreed by the producing party, any Source Code
23   designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be made available for
24   inspection, upon at least five (5) business days' notice by the receiving party, in a format
25   allowing it to be reasonably reviewed and searched, during normal business hours, which
26   for purposes of this paragraph shall be 9:00 AM through 5:00 PM local time at the
27   reviewing location, or at other mutually agreeable times, at a mutually agreed upon location
28   ///

1  where counsel for the party has a staffed office.[1]  The producing party shall make

2  reasonable efforts to accommodate the receiving party's request for access to the computer

3  outside of normal business hours on a business day.  If the receiving party wishes to inspect

4  Source Code outside of a normal business day, the parties shall meet and confer to

5  determine whether it is possible on the requested date(s) and a whether the receiving party

6  should pay any costs associated with such inspection.  The Source Code shall be made

7  available for inspection on one standalone, secured computer in a secured room without

8  internet access or network access to other computers, and without connection to any printer

9  or storage device other than the internal hard disk drive of the computer, and the receiving

10  party shall not copy, remove, or otherwise transfer any portion of the Source Code onto

11  any recordable media or recordable device.[2] The parties are to cooperate in good faith such

12  that maintaining the Source Code at the offices of the producing party's outside litigation

13  counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct

14  the prosecution or defense in this litigation. The producing party or its Counsel may

15  visually monitor the activities of the receiving party's representatives during any Source

16  Code review, but only to ensure that there is no unauthorized recording, copying, or

17  transmission of the Source Code. There will be no video supervision by any producing

18  party. The receiving party may take notes in a separately encrypted and/or password

19  protected file, folder or container on a secured laptop but may not re-type or copy source

20  code onto such device. Nothing in this Protective Order shall prevent the receiving party

21

22

23  [1]    The code will remain available at that same office unless other arrangements are

24  made between the parties.  If a change in the inspection location is requested, an additional
   three days' notice before the inspection shall be provided by the requesting party.

25

26  [2]    If additional inspection computers are necessary or warranted, the parties must meet
   and confer in good faith to provide reasonable accommodations for at least one additional

27  computer for inspection purposes.  If such accommodations are denied by the producing
   party, it shall be the receiving party's burden to establish that a second inspection computer

28  is proportional to the needs of the case.

4

1  from claiming such notes are protected from disclosure under the attorney-client privilege,

2  work product doctrine, or any other applicable privilege or immunity.

3          b.      The receiving party must identify in writing to the producing party at

4  least three (3) business days in advance the names of any person that will review the Source

5  Code for the first time, and at least two (2) days prior to review the names of any person

6  that was already identified at least once, and all persons entering the locked room

7  containing the Source Code must agree to submit to reasonable security measures to ensure

8  they are not carrying any prohibited items before they will be given access to the locked

9  room.  If requested or required by the producing party within one day of receiving notice

10  of inspection, proof of COVID-19 vaccination, a negative COVID-19 test results within

11  the last 24 hours, or some other medical exception to either shall be provided upon arrival.

12          c.      The standalone computer(s) shall, at the receiving party's request,

13  include reasonable analysis tools appropriate for the type of Source Code. The receiving

14  party shall be responsible for providing the tools or licenses to the tools that it wishes to

15  use to the producing party or its Counsel so that the producing party or its Counsel may

16  install such tools on the standalone computer(s).

17          d.      The receiving party may request four (4) hard copy print outs of-

18  limited, reasonable portions of Source Code that are reasonably necessary for the

19  preparation of court filings, pleadings, expert reports, or other papers, or for deposition or

20  trial, but shall not request paper copies for the purposes of reviewing the Source Code in

21  lieu of the inspection above.  Requests for less than 20 pages of code from any file shall be

22  presumed to be reasonable.  All paper copies of Source Code excerpts shall be produced

23  by the producing party within four (4) business days of the request (unless additional time

24  is needed due to the volume requested). The producing party shall provide all such Source

25  Code in paper form including production numbers and the label "HIGHLY

26  CONFIDENTIAL - SOURCE CODE." The producing party may challenge the amount of

27  Source Code requested in hard copy form pursuant to the procedure and timeframes set

28  ///

1 | forth in Section III whereby the producing party is the objecting party and the receiving

2 | party is the designating party for purposes of the procedure.

3 |        e.     The receiving party shall maintain all paper copies of any printed

4 | portions of the Source Code in a secured, locked area. The receiving party shall not create

5 | any electronic or other images of paper copies of Source Code and shall not convert any of

6 | the information contained in the paper copies into any electronic format except for the

7 | creation of encrypted physical media (e.g., thumb drives) in accordance with paragraph (h)

8 | below or for filing under seal with the Court. The receiving party shall only make no more

9 | than five (5) additional paper copies for use at a deposition or hearing. One hard copy of

10 | the source code may be marked as an exhibit for the deposition, and then maintained by

11 | counsel for the party presenting the exhibit during the deposition in a secured locked area.

12 | All other copies shall be destroyed immediately after the deposition is concluded by the

13 | party presenting the source code. Any paper copies used during a deposition shall not be

14 | given to or left with a court reporter or any other unauthorized individual unless approved

15 | by a producing party or its counsel.  Upon request of a receiving party within five (5)

16 | business days before a deposition, a producing party shall make copies of a reasonable

17 | number of specifically identified Source Code files available in electronic form for use by

18 | the witness at the deposition.  The producing party may challenge the amount of Source

19 | Code requested for use at the deposition by promptly notifying the requesting party in

20 | writing, where such notice shall identify all requested Source Code files the producing

21 | party refuses to make available at the deposition. The parties will promptly meet and confer

22 | regarding the challenged Source Code files and, in the event no agreement is reached, the

23 | parties will promptly bring the dispute to the Court's attention, following the procedures

24 | outlined in Judge Leshner's Chambers Rules.[3]  The parties agree to make reasonable

---

27 | [3] *See* Chambers Rules of the Honorable David D. Leshner, United States Magistrate

28 | Judge, (hereafter "Chambers Rules"), *available at* https://www.casd.uscourts.gov/Judges/leshner/docs/Leshner%20Chambers%20Rules.pdf.

1  accommodations to modify the date of the deposition or for any extension to a schedule

2  required by a deposition postponed under this section where the source code issues are not

3  resolved before the date of the deposition.

4          f.      The receiving party may challenge the designation of Source Code as

5  "HIGHLY  CONFIDENTIAL - SOURCE  CODE"  pursuant  to  the  procedure  and

6  timeframes set forth in Section III of this Order.

7          g.      All Source Code made available for inspection shall continue to be

8  available for inspection until the litigation has terminated.   The parties must meet and

9  confer in good faith if different notice or inspection procedures are desired for subsequent

10 phases in the litigation.

11         h.      Within twenty (20) calendar days after final termination of this

12 litigation, the receiving party must serve upon the producing party a certification of the

13 destruction of all copies of the producing party's Source Code.

14    5.      In the event the producing party elects to produce Materials (other than Source

15 Code) for inspection, no marking need be made by the producing party in advance of the

16 initial inspection. For purposes of the initial inspection, all Materials produced will be

17 considered as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be

18 treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified

19 Materials for copying by the inspecting party, the producing party must, within a

20 reasonable time prior to producing those Materials to the inspecting party, mark the copies

21 of  those  Materials  that  contain  Confidential  Information  with  the  appropriate

22 confidentiality marking.

23    6.      Whenever a deposition taken on behalf of any party involves a disclosure of

24 Confidential Information of any party:

25         a.      the deposition or portions of the deposition must be designated as

26 containing Confidential Information subject to the provisions of this Order; such

27 designation must be made on the record whenever possible, but a party may designate

28 portions of depositions as containing Confidential Information after transcription of the

7

1    proceedings; a party will have until fourteen (14) days after receipt of the deposition

2    transcript to inform the other party or parties to the action of the portions of the transcript

3    to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS'

4    EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

5          b.    the disclosing party will have the right to exclude from attendance at

6    the deposition, during such time as the Confidential Information is to be disclosed, any

7    person other than the deponent, counsel (including their staff and associates), the court

8    reporter, the videographer, and the person(s) agreed upon pursuant to paragraphs 8–10

9    below; and

10          c.    the originals of the deposition transcripts and all copies of the

11    deposition must bear the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -

12    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" as

13    appropriate, and the original or any copy ultimately presented to a court for filing must not

14    be filed unless it can be accomplished under seal, identified as being subject to this Order,

15    and protected from being opened except by order of this Court.

16    7.    All Confidential Information designated as "CONFIDENTIAL", "HIGHLY

17    CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL -

18    SOURCE CODE" must not be disclosed by the receiving party to anyone other than those

19    persons designated within this order and must be handled in the manner set forth below

20    and, in any event, must not be used for any purpose other than in connection with this

21    litigation, unless and until such designation is removed either by agreement of the parties,

22    or by order of the Court.

23    8.    Information designated "CONFIDENTIAL" may only be viewed by the

24    individuals listed below:

25          a.    the receiving party's Counsel in this matter;

26    One in-house counsel or party designee who, although not an attorney, is not primarily

27    responsible for competitive decision-making and, who has signed the "Acknowledgement

28    ///

20-cv-00958-CAB-DDL

1   and Agreement to Be Bound" (Appendix A), and complied with paragraph 11 of this

2   Section II ("General Rules");

3          b.    Experts of the receiving party to whom disclosure is reasonably

4   necessary for this litigation and who have signed the "Acknowledgement and Agreement

5   to Be Bound" (Appendix A) and complied with paragraph 11;

6          c.    the Court, jury, and court personnel;

7          d.    stenographic reporters, videographers, and/or their staff and

8   professional vendors to whom disclosure is reasonably necessary for this litigation and who

9   have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

10         e.    during their depositions or at trial in this action only, any person who

11  falls within the scope of paragraph 12 of this Section II;

12         f.    mock jurors who have signed who have signed the "Acknowledgment

13  and Agreement to Be Bound" (Appendix A), though mock jurors may not be shown

14  materials marked as HIGHLY- CONFIDENTIAL – SOURCE CODE; and

15         g.    any mediator who is assigned or selected to hear this Action and his or

16  her staff, subject to their agreement to maintain confidentiality to the same degree as

17  required by this Protective Order.

18     9.    Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

19  EYES ONLY" must be viewed only by the following individuals:

20         a.    Counsel (as defined in paragraph 3 of Section I) of the receiving party;

21         b.    Experts of the receiving party to whom disclosure is reasonably

22  necessary for this litigation and who have signed the "Acknowledgement and Agreement

23  to Be Bound" (Appendix A) and complied with paragraph 11;

24         c.    the Court, jury and court personnel;

25         d.    stenographic reporters, videographers, and/or their staff and

26  professional vendors to whom disclosure is reasonably necessary for this litigation and who

27  have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

28

1     e.    during their depositions or at trial in this action only, any person who

2  falls within the scope of paragraph 12 of this Section II ("General Rules");

3     f.    mock jurors who have signed who have signed the "Acknowledgment

4  and Agreement to Be Bound" (Appendix A); and

5     g.    any mediator who is assigned or selected to hear this Action and his or

6  her staff, subject to their agreement to maintain confidentiality to the same degree as

7  required by this Protective Order.

8     10.    Information designated "HIGHLY CONFIDENTIAL - SOURCE CODE"

9  must be viewed only by the following individuals:

10     a.    Counsel (as defined in paragraph 3 of Section I) of the receiving party;

11     b.    Experts of the receiving party to whom disclosure is reasonably

12  necessary for this litigation and who have signed the "Acknowledgement and Agreement

13  to Be Bound" (Appendix A) and complied with paragraph 11;

14     c.    the Court, jury and court personnel;

15     d.    stenographic reporters, videographers, and/or their staff and

16  professional vendors to whom disclosure is reasonably necessary for this litigation and who

17  have signed the "Acknowledgement and Agreement to Be Bound" (Appendix A);

18     e.    during their depositions or at trial in this action only, any person who

19  falls within the scope of paragraph 12 of this Section II ("General Rules"); and

20     f.    any mediator who is assigned or selected to hear this Action and his or

21  her staff, subject to their agreement to maintain confidentiality to the same degree as

22  required by this Protective Order.

23     11.    A party that seeks to disclose to an expert any information or item that has

24  been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by another party first

26  must:

27     a.    Make a written request to the other party that (1) sets forth the person's

28  full name and the city and state of his or her primary residence, (2) attaches a copy of the

1   person's current resume, (3) identifies the person's current employer(s), title(s), and a

2   general description of their responsibilities or projects, (4) identifies each person or entity

3   from whom the person has received compensation or funding for work in his or her areas

4   of expertise or to whom the person has provided professional services, including in

5   connection with a litigation, at any time during the preceding four years, (5) identifies (by

6   name and number of the case, filing date, location of court if available, and general subject

7   matter) any litigation in connection with which the person has testified, including through

8   a declaration, report, or testimony at a deposition or trial, during the preceding four years,

9   and (6) identifies any patents or patent application in which the expert is an applicant,

10  inventor, assignee or has a pecuniary interest.  The parties expressly agree that the written

11  request requirements of this section do not constitute a waiver of any privilege or protection

12  and do not create any discovery obligations beyond those required in the Federal Rules of

13  Civil Procedure.

14          b.      Resolve any objections to the disclosed expert.  Any objection by the

15  producing party to an independent expert receiving Confidential Information must be made

16  in writing within five (5) business days following receipt of the identification of the

17  proposed expert. Confidential Information may be disclosed to an independent expert if the

18  five (5) business day period has passed and no objection has been made. The approval of

19  experts must not be unreasonably withheld.

20          c.      Provide the producing party with a signed acknowledgement form by

21  the expert, annexed hereto as Appendix A, agreeing to be bound by the terms of this

22  Protective Order.

23      12.   Except as may be otherwise ordered by the Court, any person may be

24  examined as a witness and may testify, at a deposition and/or at trial, concerning all

25  material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS'

26  EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" of which such person

27  has prior knowledge as set forth below:

28

1          a.      a present director, officer, and/or employee of a producing party may

2    be examined at deposition and trial and may testify concerning all Confidential Information

3    which has been produced by that Party;

4          b.      a former director, officer, and/or employee of a producing party may be

5    examined at deposition and trial and may testify concerning all Confidential Information

6    of the producing party that appears on its face or is established from other documents or

7    testimony to have been previously received from or communicated to that person and of

8    which he or she has prior knowledge, including Confidential Information that refers to

9    matters of which the witness has personal knowledge, has been produced by that party, and

10   pertains to the period of his or her employment;

11         c.      Non-parties, concerning any Confidential Information of a producing

12   party that appears on its face or from other documents or testimony to have been received

13   from or communicated to the non-party as a result of any contact or relationship with the

14   producing party, or a relationship with the producing party, or a representative of such

15   producing party;

16         d.      Any person other than the witness, his or her attorney(s), and any

17   person otherwise qualified to receive Confidential Information under this Order shall be

18   excluded from the portion of the examination concerning such information, unless the

19   producing party consents to persons other than qualified recipients being present at the

20   examination.

21         e.      If a witness under paragraph 6(b) or 6(c) above is represented by an

22   attorney who is not qualified under this Order to receive Confidential Information, then

23   prior to the examination, the attorney shall be requested to sign the "Acknowledgment and

24   Agreement to Be Bound" (Appendix A).  In the event that such attorney declines to sign

25   Appendix A, prior to examination, the parties, by their attorneys, shall jointly seek a

26   Protective Order from the Court prohibiting such attorney from disclosing such

27   Confidential Information.

28

20-cv-00958-CAB-DDL

13.    All information which has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

## III.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    Any Party may challenge a designation of confidentiality pursuant to the discovery dispute resolution procedures outlined in the Chambers Rules.

2.    The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

## IV.    PROSECUTION, ACQUISITION, AND DEVELOPMENT BAR

1.    Absent written consent from the producing party, any individual who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by the opposing Party shall not be involved in the filing or prosecution of patents or patent applications relating to fleet management solutions, such as FMCSA regulatory compliance, fleet safety compliance, GPS fleet tracking, fleet route planning, and fleet communication before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

2.    For purposes of this section, "prosecution" includes (i) preparing or prosecuting (for any person or entity) patent applications or (ii) directly or indirectly participating, drafting, amending, advising on the scope of new, amended, or proposed

1  patent claims that will be or are being put before the United States Patent & Trademark

2  Office or other a similar foreign or domestic agency.  Any person representing a receiving

3  party who has access to designated information by a producing party may participate in

4  reexaminations, *inter partes* reviews, or other proceedings before the PTO, PTAB, or other

5  similar foreign or domestic agency, of the receiving party's patents, but shall not be

6  permitted to draft, amend or advise on the drafting or amendment of patent claims.

7      3.    The parties expressly agree that the Prosecution Bar set forth herein shall be

8  personal to each attorney, expert, or other individual who has access to materials subject

9  to the Prosecution Bar in this section and shall not be imputed to any other persons at that

10 person's firm or organization.  It is expressly agreed that attorneys who work on this matter

11 without having access to materials subject to the Prosecution Bar under this section shall

12 not be restricted from engaging in prosecution (as that term is defined herein) on matters

13 that fall within the Prosecution Bar.

14     4.    Absent written consent from the producing party, any individual who receives

15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

16 CONFIDENTIAL – SOURCE CODE" information designated by the opposing Party shall

17 not be involved in activity related to the acquisition of patents or patent applications for

18 potential assertion against the opposing Party or the development of products and services

19 relating to fleet management solutions, such as FMCSA regulatory compliance, fleet safety

20 compliance, GPS fleet tracking, fleet route planning, and fleet communication or advising

21 or counseling clients regarding the same.  This Acquisition Bar shall begin when access to

22 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

23 CONFIDENTIAL – SOURCE CODE" information is first received by the affected

24 individual and shall end two (2) years after final disposition of this action.

25     5.    This Prosecution and Acquisition Bar shall begin when access to "HIGHLY

26 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

27 SOURCE CODE" information is first received by the affected individual and shall end two

28 (2) years after final disposition of this action.

## V.    CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.    If a party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any material designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

    a.    promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or Court order;

    b.    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

2.    If the designating party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## VI.    NON-PARTY'S CONFIDENTIAL INFORMATION SOUGHT TO BE

---

[4]    The designating party shall have at least 14 days from the service of the notification pursuant to Section V.1.a to seek a protective order.

**PRODUCED IN THIS LITIGATION**

1.    The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

2.    In the event that a party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's Confidential Information, then the party shall:

a.    promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

b.    promptly provide the non-party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.    make the information requested available for inspection by the non-party.

3.    If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's Confidential Information responsive to the discovery request. If the non-party timely objects or seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a Court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

20-cv-00958-CAB-DDL

## VII.  PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1.      When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other proceeding.

2.      A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  Within five (5) days of being notified of the inadvertent disclosure, the receiving party, regardless of whether it intends to dispute the claim of privilege or protection, must confirm to the party making the claim that it has returned or destroyed the specified information and any copies it has.  The receiving party shall not maintain the specified information or provide it to the Court in order to challenge the claim of privilege. Within fourteen (14) days of the producing party's notice and request for the return and/or destruction of privileged or protected material, the producing party shall provide a privilege log with entries for the inadvertently produced document(s).

3.      The privilege log shall provide, separately for each document, (1) all author(s), sender(s), recipient(s), of the document; (2) the date the document was created or sent; (3) the specific privilege or protection asserted; and (4) a description of the purportedly privileged or protected material sufficient to assess whether the claimed privilege or protection attaches.

4.      Parties are not required to log on their privilege logs privileged documents related to this litigation that were authored, sent, or received between the party and Counsel on or after May 26, 2020.

5.    The return and/or destruction of inadvertently produced material shall not preclude a receiving party from challenging the designation of the material. If a dispute arises concerning the privileged nature of the document(s) demanded or returned, the parties shall meet and confer in good faith in an effort to resolve the dispute. If the parties are unable to resolve the dispute the receiving party may file a motion to compel the production of such document(s). In the event of such a motion to compel, the producing party shall have the burden to demonstrate the claimed privilege, work product protection, or other privilege or immunity.

6.    On the date identified in the scheduling order, the parties will serve privilege logs, as described in paragraphs 3 and 4 of this Section VII, for Materials withheld from production on the ground of any privilege or protection. Except as necessary to comply with Local Patent Rule 3-7, the Parties are not required to include on their privilege log any protected documents that came into existence on or after May 26, 2020. Either party may request such documents be logged in the future at which point the Parties will meet and confer on the request. For discrete and relevant issues, this agreement does not shield a party from any obligation to provide, upon reasonable and narrowly tailored request, information pertaining to the existence, nature, authorship, and recipients of documents for which privilege is claimed and disputed.

**VIII. MISCELLANEOUS**

1.    No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

2.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating

1   party so notifies the receiving party. If the receiving party has disclosed the Materials

2   before receiving the designation, the receiving party must notify the designating party in

3   writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable

4   manner    of   labeling   or   marking   the   inadvertently   produced   Materials   as

5   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

6   "HIGHLY CONFIDENTIAL - SOURCE CODE."

7        3.    Within five business days of a request by a party, the other party shall provide

8   a copy of any pleading, filing, or expert report offered by the other party with the other

9   party's Confidential Information redacted so that it may be shared with the party's client.

10       4.    Nothing in this Order will bar counsel from rendering advice to their clients

11  with respect to this litigation and, in the course thereof, relying upon any information

12  designated as Confidential Information, provided that the contents of the information must

13  not be disclosed.

14       5.    This Order will be without prejudice to the right of any party to oppose

15  production of any information for lack of relevance or any other ground other than the mere

16  presence of Confidential Information. The existence of this Order must not be used by

17  either party as a basis for discovery that is otherwise improper under the Federal Rules of

18  Civil Procedure.

19       6.    Nothing within this order will be construed to prevent disclosure of

20  Confidential Information if such disclosure is required by law or by order of the Court.

21       7.    Upon final termination of this action, including any and all appeals, counsel

22  for each party must, upon request of the producing party, return all Confidential

23  Information to the party that produced the information, including any copies, excerpts, and

24  summaries of that information, or must destroy same at the option of the receiving party,

25  and must purge all such information from all machine-readable media on which it resides.

26  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs,

27  memoranda, motions, expert reports, and other documents filed with the Court that refer to

28  or incorporate Confidential Information, and will continue to be bound by this Order with

20-cv-00958-CAB-DDL

1   respect to all such retained information. Further, attorney work product Materials that
2   contain Confidential Information need not be destroyed, but, if they are not destroyed, the
3   person in possession of the attorney work product will continue to be bound by this Order
4   with respect to all such retained information.

5       8.    The restrictions and obligations set forth within this order will not apply to
6   any information that: (a) the parties agree should not be designated Confidential
7   Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the
8   parties agree, or the Court rules, has become public knowledge other than as a result of
9   disclosure by the receiving party, its employees, or its agents in violation of this Order; or
10  (d) has come or will come into the receiving party's legitimate knowledge independently
11  of the production by the designating party. Prior knowledge must be established by pre-
12  production documentation.

13      9.    The restrictions and obligations within this order will not be deemed to
14  prohibit discussions of any Confidential Information with anyone if that person already has
15  or obtains legitimate possession of that information.

16      10.   Transmission by email or some other currently utilized method of
17  transmission is acceptable for all notification purposes within this Order.

18      11.   This Order may be modified by agreement of the parties, subject to approval
19  by the Court.

20      12.   No document shall be filed under seal unless counsel secures a court order
21  allowing the filing of a document, or portion thereof, under seal.  An application to file a
22  document under seal shall be served on opposing counsel, and on the person or entity that
23  has custody and control of the document, if different from opposing counsel.  The parties
24  must follow the Chambers' Rules with respect to any motion to seal.

25      13.   The Court may modify the protective order in the interests of justice or for
26  public policy reasons on its own initiative.

27      14.   Nothing in this Order abridges the right of any person to seek its modification
28  by agreement with other Parties or by applying to the Court if such agreement cannot be

1 reached. Furthermore, without application to the Court, any party that is a beneficiary of

2 the protections of this Order may enter a written agreement releasing any other party hereto

3 from one or more requirements of this Order even if the conduct subject to the release

4 would otherwise violate the terms herein.

5      15.    By stipulating to the entry of this Protective Order, no Party waives any right

6 it otherwise would have to object to disclosing or producing any information or item on

7 any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives

8 any right to object on any ground to use in evidence of any of the material covered by this

9 Protective Order.

10     16.    If any party violates the limitations on the use of Confidential Information as

11 described above, the party violating this Order may be subject to sanctions, or any other

12 remedies as appropriate, as ordered by the Court.  The parties understand that inadvertent

13 violations may occur, and agree to make best efforts to promptly correct any such violations

14 should they arise.

15     17.    Each of the parties agrees to be bound by the terms of this Order as of the date

16 counsel for such party executes this Order, even if prior to entry of this Order by the Court.

17     18.    This Order and the Parties' stipulation does not change, amend, or circumvent

18 any court rule or local rule unless otherwise ordered by the Court.

19     19.    Export Control.  Disclosure of material produced shall be subject to all

20 applicable laws and regulations relating to the export of technical data contained in such

21 material, including the release of such technical data to foreign persons or nationals in the

22 United States or elsewhere.  The Producing Party shall be responsible for identifying any

23 such controlled technical data, and marking such material with the caption EXPORT

24 CONTROL or similar, and the Receiving Party shall take measures necessary to ensure

25 compliance.

26 **IX.    FINAL DISPOSITION**

27     1.    Within 60 days after the final disposition of this action, as defined in Section

28 IV ("Duration"), each receiving party must return all Protected Material to the producing

1   party or destroy such material.  As used in this subdivision, "all Protected Material"

2   includes all copies, abstracts, compilations, summaries, and any other format reproducing

3   or capturing any of the Protected Material.  Whether the Protected Material is returned or

4   destroyed, the receiving party must submit a written certification to the producing party

5   (and, if not the same person or entity, to the designating party) by the 60-day deadline that

6   (1) confirms all the Protected Material that was returned or destroyed and (2) affirms that

7   the receiving party has not retained any copies, abstracts, compilations, summaries or any

8   other format reproducing or capturing any of the Protected Material.  Notwithstanding this

9   provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial

10  briefs (including all supporting and opposing papers and exhibits thereto), written

11  discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits

12  thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or

13  trial, and their attorney work product which refers or is related to any Protected Material

14  information for archival purposes only.  Any such archival copies that contain or constitute

15  Protected Material remain subject to this Protective Order as set forth in Section IV

16  ("Duration").

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

20-cv-00958-CAB-DDL

1    2.    Within 60 days after the final disposition of this action, as defined in Section

2  IV ("Duration"), the parties shall submit an ex parte motion for an order authorizing return

3  and/or destruction of their respective protected material submitted to the Court

4  confidentially or under seal.

5  **X.    INTERPRETATION, ENFORCEMENT, AND CONTINUING**

6  **JURISDICTION**

7      The United States District Court for the Southern District of California is responsible

8  for the interpretation and enforcement of this Order.   After final disposition of this

9  litigation, the provisions of this Order shall continue to be binding except with respect to

10  that material that becomes a matter of public record.

11  **Pursuant to stipulation, IT IS SO ORDERED**.

12  Dated: October 14, 2022

13

14

15      Hon. David D. Leshner
      United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

23

20-cv-00958-CAB-DDL

**APPENDIX A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Protective Order that was issued by the United

States District Court for the Southern District of California on _____ in the case

of *Omnitracs, LLC et al. v. Platform Science, Inc.*, Case No. 3:20-cv-0958-CAB-DDL.

I have read and understand § IV concerning the Prosecution, Acquisition and

Development Bar, which prohibits certain patent-related and product development

activities for two-years past the final disposition of this case.

I agree to comply with and to be bound by all the terms of this Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Order to any person or entity except in strict

compliance with the provisions of this Order. I further agree to submit to the jurisdiction

of the United States District Court for the Southern District of California for the purpose

of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.


Date: _____


Printed name: _____

[printed name]


Signature: _____

[signature]

24

20-cv-00958-CAB-DDL